# UNITED STATES DISTRICT COURT
## District of Massachusetts

| | |
|---|---|
| Shari M. Goscinak, Individually and on behalf of all others similarly situated,<br>                Plaintiff,<br>v.<br><br>Wayfarer Aviation, Inc.,<br>(f/k/a JDA Acquisition Company,)<br>Wayfarer Aviation Capital, Inc.<br>Gregory Campbell,<br>Michael Rosenheim,<br>Robert Marinace,<br>Jane E. Pinkas, as Administrator of the Estate of Robert Pinkas<br>and John Does 1 through 10, inclusive,<br>                Defendants. | CIVIL ACTION NO.:<br><br>12-CV-10315-RGS |

## ORDER

AND NOW, this 4th day of Dec., 2012, upon agreement of the plaintiffs and defendants Gregory Campbell and Jane E. Pinkas, as Administrator of the Estate of Robert Pinkas, and having reviewed and considered their agreement, it is hereby ORDERED that the attached "Confidentiality Agreement Between Plaintiffs and Defendants Gregory Campbell and Jane E. Pinkas, as Administrator of the Estate of Robert Pinkas with Respect to Discovery," is approved and incorporated by reference as an Order of the Court.

It is further ORDERED that the Clerk of this Court shall maintain under seal all documents filed by defendants that are marked "CONFIDENTIAL" including, but not limited to deposition transcripts, exhibits, discovery responses, or briefs and/or memoranda of law that quote or paraphrase that information.

Nothing in this Order shall preclude the undersigned, other members of the Court, or Court Administration staff from reviewing or handling the aforementioned materials so as to dispose of issues raised by motion or otherwise.

BY THE COURT:

/s/ Richard G. Stearns

United States District Judge

177606.1

UNITED STATES DISTRICT COURT
District of Massachusetts

Shari M. Goscinak, Individually and on behalf of all others similarly situated,
Plaintiff,

v.

Wayfarer Aviation, Inc.,
(f/k/a JDA Acquisition Company,)
Wayfarer Aviation Capital, Inc.
Gregory Campbell,
Michael Rosenheim,
Robert Marinace,
Jane E. Pinkas, as Administrator of the Estate of Robert Pinkas
and John Does 1 thorugh10, inclusive,
Defendants.

CIVIL ACTION NO.:

12-CV-10315-RGS

CONFIDENTIALITY AGREEMENT BETWEEN PLAINTIFFS AND DEFENDANTS GREGORY CAMPBELL AND JANE E. PINKAS, AS ADMINISTRATOR OF THE ESTATE OF ROBERT PINKAS WITH RESPECT TO DISCOVERY

In connection with the production and disclosure of any documents or other information by the defendants Gregory Campbell and Jane E. Pinkas, as Administrator of the Estate of Robert Pinkas ("defendants"), in accordance with the Court's order dated August 6, 2012 granting the parties sixty days therefrom to conduct limited discovery into the defendants' financial status ("financial discoery"), the plaintiffs, defendants and their counsel hereby stipulate as follows:

1. Any such matter produced in the financial discovery by the defendants may be designated as "Confidential Information," including any documents produced or exchanged in the course of the financial discovery pursuant to any pre-trial discovery requests, and shall be used solely for the purposes of the litigation. Any information designated as "Confidential Information" shall only be used for the purposes of the

litigation and shall not be revealed, disclosed or made available for inspection and copying to any person or entity whatsoever, except to:

a.  Counsel for the plaintiffs;

b.  employees or agents of counsel for plaintiffs who have direct responsibility for assisting plaintiffs' counsel in the preparation, trial or appeal of the litigation;

c.  outside consultants and experts and their employees or agents retained by plaintiffs' counsel for the purpose of assisting in the preparation, trial or appeal of the litigation; or

d.  as required to be disclosed by law or to any person designated by the Court in the interest of justice upon terms as the Court may deem proper.

2.  Any information designated as "Confidential – Attorneys Eyes Only" shall only be used for purposes of the litigation and shall not be revealed, disclosed or made available for inspection and copying to any person or entity whatsoever except to:

a.  Counsel for the plaintiffs;

b.  employees or agents of counsel for plaintiffs who have direct responsibility for assisting plaintiffs' counsel in the preparation, trial or appeal of the litigation;

c.  outside consultants and experts and their employees or agents retained by plaintiffs' counsel for the purpose of assisting in the preparation, trial or appeal of the litigation; or

d.  as required to be disclosed by law or to any person designated by the Court in the interest of justice upon terms as the Court may deem proper.

3.  "Confidential Information" or information designated as "Confidential – Attorneys Eyes Only," as used herein includes any type or classification of information which is designated as such by the defendants, whether it be documents, information contained

in a document, information revealed during a deposition, information revealed in an interrogatory, interrogatory answer, or otherwise. In designating information as "Confidential Information" or "Confidential – Attorneys Eyes Only," the defendants shall make such designations only as to that information which it in good faith believes constitutes either of such categories. "Confidential Information" or "Confidential – Attorneys Eyes Only" shall be designated specifically by marking the document or thing with an identification of the defendants and the legend "CONFIDENTIAL" or the legend "CONFIDENTIAL – ATTORNEYS EYES ONLY."

4. Nothing shall prevent disclosure beyond the terms of this Agreement if the defendants designating the information as "Confidential" or "Confidential – Attorneys Eyes Only" consents to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure.

5. Nothing in this Agreement shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped documents designated as "Confidential" or "Confidential – A ttorneys Eyes Only;" provided, however, in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information so designated except as set forth in paragraph 1 and 2 above.

6. Counsel for plaintiffs and defendants shall be responsible for maintaining copies of acknowledgements signed by those people to whom that party or his agents, employees, consultants or counsel make available such confidential documents in whole or in part or in any form and the information therein contained. The acknowledgement will provide that the person to whom confidential documents or information is provided agrees to be bound by the terms of this Agreement and that they acknowledge receipt of a copy of this Agreement. A copy of the acknowledgement is attached hereto. Such

acknowledgements shall be available for inspection by counsel for defendants and plaintiffs upon reasonable notice.

7. Nothing in this Agreement shall preclude the use or disclosure of documents designated as "Confidential Information" in whole or in part or in any form and the information therein contained to a witness in preparation for, or during, in any depositions, hearing or trial, provided that: (a) such witness is given a copy of this Agreement, is advised that he or she is subject to its terms and conditions and acknowledges that he or she has read, understood and is subject to the terms and conditions of this Agreement and will not disclose such documents or information derived there from to any other natural person, corporation, partnership, or firm and executes the attached acknowledgement; and (b) use of such confidential documents in whole or in part or in any form and the information therein contained at an evidentiary hearing or at trial shall be determined by court order, or as the parties otherwise may agree. The provisions of this paragraph do not permit the use or disclosure of documents or information designated as "Confidential – Attorneys Eyes Only," which are restricted to the uses and disclosures set forth in paragraph 2 of this Agreement.

8. The Clerk of this Court is directed to maintain under seal, all documents and all transcripts of deposition testimony that may be filed with the Court in the litigation by the plaintiffs or defendants which are, in whole or in part, designated as "Confidential" or "Confidential – Attorney Eyes Only" including all deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information. The information is designated as "Confidential" or "Confidential – Attorneys Eyes Only" shall be filed as sealed in accordance with applicable federal and local rules.

9. In the event that the plaintiffs wish to use any information designated as "Confidential" or "Confidential – Attorneys Eyes Only" in any affidavit, brief, memorandum of law or other paper filed with the Court in the litigation, such document shall be filed and maintained

under seal by the Court. The plaintiffs shall refrain from referring in open Court to the information contained in the confidential documents except under such conditions and safeguards as the parties hereto may agree or the Court may impose to protect against its disclosure.

10. All documents and things designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" pursuant hereto shall be maintained in the custody of the plaintiffs' counsel of record. Within sixty (60) days after the entry of final judgment in the litigation, including appeals or petitions for review, or within sixty (60) days of dismissal following settlement or otherwise, the original and/or all copies of each document and thing produced by a party shall be returned to the producing party; provided, however, respective counsel may maintain a log listing by Bates Number or otherwise catalogue such documents.

11. This Agreement shall not be construed to prevent any person from making use of or disclosing information which:

    a. was lawfully in his possession prior to the inspection of such documents or receipt of designated information;

    b. appears in any issued patent, printed publication, or other published material available to the general public;

    c. was or is hereafter obtained from a source or sources not under obligation of secrecy to the other party or parties except with respect to confidential information obtained by subpoena or other legal proceeding in this action or any other litigation among the parties or third parties (and no such subpoena shall issue nor proceedings be instituted except upon reasonable notice to all parties); or

    d. is exempted from the operation of this Agreement by written consent of the party to the litigation that produces confidential information.

12. Nothing in this Agreement shall be deemed to preclude any party to this Agreement from seeking and obtaining an appropriate Order providing additional protection with respect to the confidentiality of documents, testimony, court papers or other matters.

13. By conducting the preparation (including responses to discovery) and trial of litigation under the terms of this Agreement, the parties do not waive, and expressly retain the right to assert in this proceeding, or in any administrative investigation or other investigation or lawsuit, the application of any common law or statutory privilege or any theory of immunity from disclosure of the confidential documents in whole or part or in any form, the information therein contained and any other confidential information.

14. Nothing in this Agreement shall preclude any party from whom discovery is sought from seeking any other relief available under federal or other applicable law.

15. Upon execution of this Agreement, undersigned counsel intends to forthwith seek entry of this Agreement as a Order of Court. This Agreement shall not be binding absent entry as a court order.

**WHEREFORE**, counsel for the parties hereto affix their hands and seals on the date first above written.

| | |
|---|---|
| Plaintiffs,<br>Shari M. Goscinak, Individually and on behalf of all others similarly situated,<br>By their Attorneys,<br><br>/s/ *Michael D. Pushee*<br><br>Michael D. Pushee [BBO# 657343]<br>**Sinapi, Formisano & Co., Ltd.**<br>100 Midway Place, Suite One<br>Cranston, RI 02920<br>Ph: 401/944-9690<br>Fax: 401/943-9040<br>E-mail: mpushee@sfclaw.com | Defendants,<br>Gregory Campbell and Jane E. Pinkas, as Administrator of the Estate of Robert Pinkas,<br>By their Attorneys,<br><br>/s/ *Stephen D. Rosenberg*<br><br>Stephen D. Rosenberg [BBO# 558415]<br>Robert P. La Hait [BBO# 551000]<br>**THE MCCORMACK FIRM, LLC**<br>One International Place, 7th Floor<br>Boston, MA 02110<br>Ph: 617/951-2929<br>Fax: 617/951-2672<br>E-mail: srosenberg@mccormackfirm.com |

rlahait@mccormackfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 4th day of December, 2012.

/s/ *Stephen D. Rosenberg*
_____
Stephen D. Rosenberg

177601.1